Chirag H. MANDAVIA, Plaintiff–Appellant,

v.

COLUMBIA UNIVERSITY, 1199 Seiu United Healthcare East, Defendants–Appellees,

David H. Figurski, Jianyuan Hua, Angel Tibbs Filsaime, Defendants.

No. 13–2500–cv.

United States Court of Appeals, Second Circuit.

May 14, 2014.

Chirag H. Mandavia, pro se, Germantown, TN, for Appellant.

Susan Deegan Friedfel, Proskauer Rose LLP, New York, NY, for Appellee Columbia University.

Richard Lee Dorn, Levy Ratner, P.C., New York, NY, for Appellee 1199 Seiu United Healthcare East.

PRESENT: AMALYA L. KEARSE, RAYMOND J. LOHIER, JR., and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Chirag Mandavia, proceeding *pro se,* appeals from the District Court's grant of summary judgment in favor of his former employer, Columbia University, on his various employment discrimination claims. Mandavia argues principally that the District Court erred in concluding that he knowingly and voluntarily signed a valid release waiving all claims against Columbia. We construe Mandavia's argument as also challenging the District Court's earlier dismissal of his claims against 1199 SEIU United Healthcare East, his former union, under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the grant of a motion to dismiss or of summary judgment *de novo. See Aegis Ins. Servs., Inc. v. 7 World Trade Co.,* 737 F.3d 166, 176 (2d Cir.2013). For substantially the reasons articulated in the District Court's June 3, 2013 Memorandum and Order granting summary judgment in Columbia's favor, we agree that there is no genuine dispute that Man-

davia knowingly and voluntarily signed a release waiving his discrimination claims against Columbia. *See Mandavia v. Columbia Univ.,* No. 12 Civ. 2188, 2013 WL 2391695, at *6–11 (S.D.N.Y. June 3, 2013). Mandavia asserts that the District Court's previous denial of Columbia's motion to dismiss his discrimination claims based on the release conflicts with its later grant of summary judgment. But motions to dismiss and motions for summary judgment require different analyses. The District Court was not prevented "from granting summary judgment based on [undisputed] evidence after denying a motion to dismiss based only on the plaintiff's allegations" taken as true. *Maraschiello v. City of Buffalo Police Dep't,* 709 F.3d 87, 97 (2d Cir.2013). Accordingly, we affirm the District Court's grant of summary judgment.

We also affirm the dismissal of Mandavia's claims against his former union for substantially the reasons set forth in the District Court's December 12, 2012 Memorandum and Order. *See Mandavia v. Columbia Univ.,* 912 F.Supp.2d 119, 133–35 (S.D.N.Y.2012).

We have considered Mandavia's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.